# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LUTHER E. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Case No. CIV-07-1202-F |
| | ) |
| INTEGRIS MARSHALL COUNTY | ) |
| MEDICAL CENTER and INTEGRIS | ) |
| HEALTH, INC., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the court is Defendants' Motion to Dismiss Plaintiff's *Burk* Public Policy Claim, filed December 11, 2007 (doc. no. 7), to which plaintiff has responded.

In Count VI of his complaint, plaintiff alleges a Burk[1] tort claim against defendants, claiming that he was discriminated against by defendants on the basis of his handicap.[2] Defendants contend that the Burk tort claim fails to state a claim for which relief may be granted because the federal statutory remedies under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, are adequate and exclusive, citing Clinton v. State ex rel. Logan County Election Board, 29 P.3d 543, 546 (Okla. 2001) (holding the existence of an adequate federal statutory remedy precludes a Burk claim); Thomas v. Mercy Memorial Health Center, Inc., 2007 WL 2493095, at *5 (E.D. Okla. Aug. 29, 2007) (concluding that the federal statutory

---

[1] Burk v. K-Mart Corporation, 770 P.2d 24 (Okla. 1989).

[2] Plaintiff also alleges a Burk tort claim for retaliation in Count VI. Defendants, however, do not challenge that claim.

remedy for discrimination under the ADA was adequate and precluded a <u>Burk</u> tort claim) and <u>Tesh v. U.S. Postal Service</u>, 215 F. Supp. 2d 1220, 1230 (N.D. Okla. 2002) (concluding that the federal statutory remedy under the Rehabilitation Act for discrimination was adequate and precluded a <u>Burk</u> tort claim). Plaintiff, in response, distinguishes <u>Clinton</u> and relies upon <u>Saint v. Data Exchange, Inc.</u>, 145 P.3d 1037 (Okla. 2006), to assert his <u>Burk</u> tort claim. Plaintiff asserts that <u>Saint</u> made clear that in order for a remedy to be adequate, it must be identical to the remedy provided for victims of handicap discrimination under section 1901 of the Oklahoma Anti-Discrimination Act ("the OADA").

The court has carefully considered the parties' arguments and authorities. For the reasons stated by the defendants in their motion and based upon the authorities therein cited and for the additional reason that this court has previously concluded in <u>Eapen v. Dell Marketing USA, LP</u>, 2007 WL 2248170, at *4 (W.D. Okla. Aug. 2, 2007), that a federal statutory remedy need not be identical to that provided to victims of handicap discrimination under the OADA for the <u>Burk</u> tort claim to be precluded, the court concludes that defendants' motion should be granted.

Accordingly, Defendants' Motion to Dismiss Plaintiff's *Burk* Public Policy Claim, filed December 11, 2007 (doc. no. 7), is **GRANTED**.

DATED January 18, 2008.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

07-1202p002.wpd

2